**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ERNESTO CRUZ MARINO,

       Petitioner,

v.                                                    Case No. 3:26-cv-644-TJC-PDB

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

       Respondents.

_____

**O R D E R**

On March 25, 2026, Petitioner Ernesto Cruz Marino, an immigration detainee at Baker Correctional Institute, initiated this action pro se by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). He filed an Amended Petition after the Court directed him to clarify his claims. (Doc. 3). Respondents then filed a Response. (Doc. 5).

**I. Background**

Petitioner, a citizen of Cuba, was paroled into the United States on or about November 8, 1995. Response at 1. On November 27, 2007, he was ordered removed from the United States, but was placed on an order of supervision instead of being removed. Id. On June 16, 2025, Petitioner was detained by immigration enforcement authorities. Id. He claims he has been detained for 295 days as of April 7, 2026. Amended Petition at 6, 8. Petitioner argues that

because he has been detained for longer than six months, and there is no significant likelihood of his removal in the reasonably foreseeable future, he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001). Amended Petition at 6–7.

## II. Analysis

After an alien has been ordered removed from the United States, immigration detention is governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 543–44 (2021) ("And § 1231 explains what to do if the alien is ordered removed."); Deshati v. Noem, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025) ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Under § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2).

Under § 1231(a)(6), the government may detain an alien beyond the 90-day removal period if he is, among other things, a criminal alien or the Attorney General has determined the alien is a risk to the community or unlikely to comply with the order of removal.[1] However, the Supreme Court held in Zadvydas that because indefinite detention of aliens raises serious

---

[1] The Government does not argue that any of the § 1231(a)(6) reasons for prolonged detention are applicable here.

constitutional concerns, once an order of removal is final, Immigration and Customs Enforcement (ICE) should make every effort to remove the alien within a reasonable time. Id. at 690, 701. The Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas[,] the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. If an alien makes these showings, then the burden shifts to the Government to rebut the presumption with sufficient evidence establishing that there is a significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

Petitioner has been in ICE custody since June 16, 2025, which is 310 days, as of this writing. Respondents do not dispute that the presumptively

3

reasonable detention period has passed. Response at 4. Petitioner has therefore been detained beyond the presumptively reasonable six-month period, and the Zadvydas burden-shifting framework applies.

Petitioner has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Since his initial detention in June 2025, ICE has failed to remove him to Cuba or any other country. Amended Petition at 6. Petitioner alleges that his deportation officer told him "I can't deport you." Id. ICE has not arranged for a passport or other travel documents, and ICE has not set a removal date. Id. Petitioner argues that this shows the Government cannot execute his removal. Id.

Respondents have not submitted evidence sufficient to rebut Petitioner's showing. Respondents contend that a significant likelihood of removal in the reasonably foreseeable future has been demonstrated by ICE's "intention to proceed with third-country removal to Mexico." Response at 4. In support, Respondents point to the declaration of deportation officer Christian J. Rivera Figueroa. Response (attachment 1 at 7–8). The declaration states that ICE intends to transfer Petitioner to "one of the corresponding ICE field offices along the southwest border that processes third-country removals to Mexico"; he will "receive a Notice of Removal to Mexico 24 hours prior to his transfer"; the receiving ICE field office "will then notify Mexico's Instituto Nacional de

4

Migracion (INM)" of Petitioner's upcoming removal; and following INM's final acceptance, "he will immediately be transported to the Customs and Border Patrol corresponding Port of Entry for removal to Mexico." Id.

This description of what the Government intends to do at some unspecified future time, while still conditioned on Mexico's "final acceptance" of Petitioner, is speculative and insufficient to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. See Joseph v. Rhoden, No. 3:25-cv-1579-MMH-PDB, 2026 WL 262589, at *3 (M.D. Fla. Feb. 2, 2026) (finding that the Government failed to rebut a petitioner's showing when it provided a nearly-identical deportation officer declaration as its sole support). Indeed, the Government concedes that there have been "two [prior] unsuccessful attempts at removal to Mexico." Response at 4.

Therefore, Petitioner is entitled to release from detention under Zadvydas. Since the Court will grant the Petition on this basis, it does not, and need not, address Petitioner's other claims. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[2] Petitioner's release, however,

---

[2] The Court specifically does not address Ground Three of the Amended Petition, that detention is causing Petitioner irreparable harm due to serious

"shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3); <u>Zadvydas</u>, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances[.]").

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED** as to Grounds One and Two; the Petition is otherwise denied without prejudice as moot. Respondents shall release Petitioner, subject to supervision under 8 U.S.C. § 1231(a)(3), **within 48 hours of the entry of this Order.** At least five (5) hours before releasing Petitioner, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. No later than **April 28, 2026**, Respondents shall **FILE** a notice with the Court confirming that Petitioner has been released from custody.

3. The Clerk is directed to terminate the pending deadlines, enter judgment granting the Petition, and close the file.

---

medical conditions.

4.  The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Ernesto Cruz Marino, #A074147165
Baker Correctional Institute
20706 US 90 W., Sanderson, FL 32087

7